UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SCOTT VAN HUISEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARNER BROTHERS, et al.,<br><br>　　　　Defendant. | No. 2:24-cv-0014 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with this civil action and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a) and appointment of counsel.

I.  Application to Proceed In Forma Pauperis

Plaintiff has moved for leave to proceed in forma pauperis.  ECF No. 2.  "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."  Tripati v. First Nat'l Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987).  For the reasons set forth below, the undersigned finds this action to be frivolous and will recommend that plaintiff's application to proceed in forma pauperis be denied.

II.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III.     Complaint

The complaint names as defendants Warner Brothers Chief Executive Officer and Leonardo DiCaprio.  ECF No. 1.  Review of the complaint shows that it is largely unintelligible and does not present plausible factual allegations or legally coherent theories of liability establishing a claim for relief.

### IV.     No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted.  The contents of the complaint are sufficiently unintelligible that it is clear that leave to amend would not result in a cognizable claim.  As a result, leave to amend would be futile and the complaint should be dismissed without leave to amend.

### V.     Motion for Appointment of Counsel

Plaintiff has requested the appointment of counsel.  ECF No. 3.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

Because it is being recommended that the complaint be dismissed without leave to amend, plaintiff cannot show that he has any likelihood of success on the merits and the motion will be denied.

VI.   Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend because your allegations do not state any claims for relief and it does not appear the problems can be fixed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 3) is DENIED.
2. The Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) be DENIED.
2. The complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 12, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE